UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------- x
ERIC CHRISTIAN,                                    :
                                                   :
                  Petitioner,          :
    -against-                                   :   **MEMORANDUM &**
                                       :   **ORDER OF DISMISSAL**
JESUS GUADARRAMA,                                  :
                                                   :   3:24-CV-1458 (VDO)
                  Respondent.          :
---------------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

      Petitioner Eric Christian, a pretrial detainee at the MacDougall-Walker Correctional Institution, has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, arguing that his current confinement violates the Excessive Bail Clause of the Eighth Amendment. Petition ("Pet."), ECF No. 1, at 6. He asks this Court to order his release from jail. *Id.* at 7.

    **I.**    **LEGAL STANDARD**

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted);

*see Green v. United State*s, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II.   DISCUSSION

*Habeas* relief is available under 28 U.S.C. § 2241 to a state pretrial detainee "challenging his custody as unlawful under the Constitution or federal law." *Nieves v. Farber*, No. 20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020); *see e.g.*, *Henry v. United States*, No. 11-CV-391 (KAM), 2014 WL 7075800, at *2 (E.D.N.Y. Dec. 12, 2014) (noting that "courts in this Circuit have construed pretrial habeas petitions as arising under Section 2241"). The Court must dismiss this action for the following two reasons.

### A.   Lack of Jurisdiction

This Court lacks jurisdiction over this matter because it concerns an ongoing criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

As a general matter, federal courts have a "virtually unflagging" duty to "adjudicate claims within their jurisdiction[.]" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989) (cleaned up). In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. at 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (holding that "ongoing state criminal prosecutions" fall within the scope of "exceptional circumstances" that "justify a federal court's refusal to decide a case in deference to the

States") (cleaned up); *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022). Following *Younger*, federal courts have routinely declined to entertain *habeas* petitions filed by defendants who are in the midst of ongoing state criminal proceedings. *See, e.g., Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (declining to consider a § 2241 petition on the merits pursuant to *Younger*); *Jones v. Walker*, No. 22-CV-993 (LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) ("Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding.").

Although not dispositive, factors relevant to the analysis of whether abstention is appropriate include: (1) whether there is an ongoing state proceeding; (2) whether an important state interest is implicated in that proceeding; and (3) whether the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *See Lowell v. Vt. Dep't of Children and Families*, 835 F. App'x 637, 639 (2d Cir. 2020); *Cook v. Martin*, No. 21-CV-1465 (SRU), 2022 WL 2817452, at *3 (D. Conn. July 19, 2022), *appeal dismissed*, No. 22-1838, 2023 WL 4770433 (2d Cir. Jan. 30, 2023), *cert. denied*, 144 S. Ct. 251 (2023).

The first factor is clearly satisfied because Plaintiff's petition for *habeas* relief challenges the constitutionality of bond in connection with his pending criminal prosecution on state charges in state court.

The second factor is also satisfied because an important state interest is implicated whenever a party seeks to enjoin an ongoing state criminal proceeding. *See Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("*Younger* itself settled the importance of the state's interest

in criminal proceedings."). And the Second Circuit has instructed that federal court "'interference with the state criminal process in both pending and future bail proceedings,' would violate principles of comity set forth in *Younger*." *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (quoting *Wallace v. Kern*, 520 F.2d 400, 405 n.9, 408 (2d Cir. 1975); *see also Jordan*, 570 F. App'x at 44 ("*Younger* abstention ordinarily applies to a state court's bail application proceedings.").

Regarding the third factor, pending state court criminal proceedings ordinarily provide the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see State v. Pan*, 345 Conn. 922, 946–59 (2022) (discussing state procedural protections for setting bail including appellate review). Thus, Petitioner has an adequate opportunity through the state pretrial proceedings to have his constitutional claims arising from his bond determination reviewed in state court. *See Cook*, 2022 WL 2817452, at *3; *Rivera v. Connecticut*, No. 20-CV-860 (OAW), 2022 WL 124248, at *3 (D. Conn. Jan. 13, 2022) ("The court cannot permit the disruption of [p]etitioner's ongoing state criminal case by considering [p]etitioner's speedy trial and due process defenses prematurely.").

Nevertheless, a federal court may intervene in a state proceeding upon a Petitioner's showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger*, 401 U.S. at 54). A petitioner bears the burden of establishing that an exception applies. *See Kirschner v. Klemons*, 225 F.3d 227, 235–36 (2d Cir. 2000). The instant Petition raises no grounds to suggest that the bad faith or harassment exception is

warranted. The instant Petition contains only conclusory the allegations the Petitioner's excessive bond arises from "unconstitutional deceptive judicial act to jail a citizen absent a guilty verdict for a non-violent offense." Pet. at ¶ 13(a). But "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Constr. Corp.*, 282 F.3d at 199. Generally, this exception applies if the petitioner can show that his state prosecution was "initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," and without a "reasonable expectation of obtaining a favorable outcome." *Id.* (cleaned up). Petitioner does not make that required showing.

Nor does Petitioner indicate that the unusual circumstances exception is warranted. For that exception to apply, there must be a "sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. . . . [S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 201 (quoting *Kugler*, 421 U.S. at 124–25). The Second Circuit has identified two predicates for application of this exception: "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer great and immediate harm if the federal court does not intervene." *Diamond "D" Constr. Corp.*, 282 F.3d at 201 (cleaned up). As previously noted, the state courts can fully address any constitutional questions and remedy any violations as appropriate. Petitioner provides no

indication that he has been precluded from raising his claim concerning his alleged excessive bond in Connecticut state court. Nor has Petitioner provided facts to suggest that he will suffer imminent harm if this court does not intervene in the ongoing prosecution. *See Jordan*, 570 Fed. App'x at 44 (in context of a *habeas corpus* proceeding, finding that 52-month pretrial incarceration did not constitute an "extraordinary circumstance" warranting federal intervention, but that continued detention without trial might offend due process); *Davis*, 851 F.2d at 77 (holding that burden of defending criminal prosecution is insufficient, without more, to constitute irreparable harm).

In sum, based on the allegations set forth in the Petition, the undersigned cannot conclude that an exception to *Younger* abstention applies. Accordingly, the Court will dismiss the petition on the basis of *Younger* abstention for Petitioner's *habeas* claims challenging his bail proceedings. *Jumpp v. New Britain Superior Ct.*, No. 20-CV-01868 (VLB), 2021 WL 395870, at *1–2 (D. Conn. Feb. 3, 2021) (declining to consider pretrial detainee's claim that superior court decision violated his right to be free from excessive bail due to *Younger* abstention doctrine); *see also Young v. Reis*, No. 22-CV-985 (OAW), 2023 WL 3534613, at *5 (D. Conn. May 18, 2023) (abstaining under *Younger* doctrine from addressing Petitioner's claims challenging his pretrial confinement after he was unable to post bond).

To the extent that *Younger* abstention does not apply because Petitioner's challenge to his detention pending trial may be considered collateral to his criminal proceeding, *see Nazer v. Warden*, No. 23-CV-3798 (LTS), 2023 WL 5101743, at *2 (S.D.N.Y. Aug. 8, 2023) (citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (in civil rights action, federal court

correctly did not abstain from hearing claims that plaintiffs were detained without hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution")), the Court concludes that the Petition must be dismissed for nonexhaustion.

### B. Exhaustion

It is well-established that, before a federal court may grant *habeas* relief to a state prisoner, the prisoner must properly exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). That is, the petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, in order to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of prisoners' federal rights." *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (cleaned up); *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982). "The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to . . . correct a constitutional violation[.]" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up).

Section 2241 "does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief[.]" *Petties v. Riviezzo*, No. 20-CV-4350 (ALC), 2020 WL 6748528, at *2 (S.D.N.Y. Oct. 2, 2020) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)) (cleaned up). Nevertheless, "decisional law has superimposed such a requirement in order to accommodate principles of

federalism." *Petties*, 2020 WL 6748528, at *2 (quoting *United States ex rel. Scranton*, 532 F.2d at 294).[1]

The exhaustion requirement for § 2241 is judicially imposed, however, and the court has discretion to excuse a § 2241 petitioner's failure to exhaust administrative remedies. *Cardoza v. Pullen*, No. 22-CV-591 (SVN), 2022 WL 3212408, at *5 (D. Conn. Aug. 9, 2022) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). A court may excuse the failure to exhaust for a § 2241 petition where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (cleaned up).

Here, Plaintiff has not exhausted his state remedies. The Petition indicates that Petitioner had a bond modification hearing but did not pursue any further challenge to the bond determination, although he had available the remedy of filing a petition for appellate review pursuant to Connecticut General Statutes § 54-63g, which provides for "immediate review of an allegedly unauthorized condition of pretrial release." *State v. Stiggle*, 155 Conn. App. 117, 118 n.1 (2015) (citation omitted); *see also State v. Smith*, 335 Conn. 932, 934–37 (2020) (discussing whether certification is warranted to appeal from appellate court's consideration of appeal of motion for reduction of bond and release filed by pretrial

---

[1] By contrast, 28 U.S.C. § 2254 contains a strict statutory exhaustion requirement and bars relief "unless the 'applicant has exhausted the remedies available in the courts of the State' or 'there is an absence of available State corrective process.'" *McPherson v. Lamont*, No. 20-CV-534 (JBA), 2020 WL 2198279, at *4 n.2 (D. Conn. May 6, 2020) (quoting 28 U.S.C. § 2254(b)(1)(A)).

detainee). Nor can his failure to exhaust his state court remedies be excused because none of the exhaustion exceptions apply. There is no indication that the state trial and appellate courts of Connecticut are not fully able to consider and rule on Petitioner's claims.

Thus, the Court must also dismiss Plaintiff's § 2241 petition for failure to exhaust his state remedies prior to filing this action. *See Young v. McClendon*, No. 22-CV-710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (noting that the court may dismiss a *habeas* petition *sua sponte* where the petitioner fails to demonstrate exhaustion or the absence of available state remedies).

## II.     CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for a writ of *habeas corpus* (ECF No. 1) on grounds of *Younger* abstention and nonexhaustion. The Court denies a certificate of appealability because any appeal from this order would not be taken in good faith. The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
November 1, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge